## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| MARTRICE CAMPBELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | 16 CV 6000 |
| | ) | |
| The CITY OF CHICAGO, Illinois, a municipal | ) | Judge |
| corporation, and former Independent Police | ) | |
| Review Authority (IPRA) Chief Administrator | ) | Magistrate Judge |
| SCOTT ANDO, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff MARTRICE CAMPBELL, through her attorneys, Torreya L. Hamilton and

Thomas P. Needham, makes the following complaint against Defendants CITY OF CHICAGO

("Defendant CITY"), and former IPRA Chief Administrator SCOTT ANDO:

### JURISDICTION AND VENUE

1. This is an action brought pursuant to 42 U.S.C. §1983 to address the deprivation, under color of

   law, of Plaintiff's rights under the United States Constitution and Illinois common and statutory

   law.

2. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

3. Venue is proper under 28 U.S.C. §§ 1391(b). All of the parties reside in this judicial district and

   the events pertaining to the claims made in this complaint occurred within this district.

### PARTIES

4. Plaintiff MARTRICE CAMPBELL is a resident of Chicago, Illinois and a former employee of

   the City of Chicago's Independent Police Review Authority.

5. At all relevant times, Defendant SCOTT ANDO was employed by Defendant CITY as either

   First Deputy Chief Administrator, Acting Chief Administrator or Chief Administrator of IPRA.

6.  Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of Defendant ANDO. Should Plaintiff prevail on her claims, Defendant CITY is liable to Plaintiff as the principal on Plaintiff's state law claim pursuant to the doctrine of *respondeat superior*.

7.  Defendant CITY is a municipal corporation, duly incorporated under the laws of the State of Illinois, and was at all relevant times, the employer and principal of Defendant ANDO.

**FACTS**

8.  IPRA is an agency within Defendant CITY.

9.  By municipal ordinance, IPRA was created to investigate allegations of police misconduct related to the use of excessive force by Chicago police officers.

10. IPRA is headed by civilian supervisors and staffed with civilian investigators.

11. Plaintiff began working at IPRA as an investigator in December 2011.

12. Before going to IPRA, Plaintiff had already been a City of Chicago employee for 25 years.

13. Brian Lockhart ("Lockhart") also worked at IPRA as a clerk and was one of Plaintiff's co-workers.

14. On January 10, 2013, while at work in the IPRA office, Lockhart began to display odd behavior near Plaintiff's workstation.

15. Lockhart was upset and spoke of killing his supervisors and ending his own life.

16. Plaintiff took Lockhart into an interview room, searched him for any weapons and then questioned him further about what he had said near her workstation.

17. Another IPRA employee was present for this conversation with Lockhart in the interview room.

18. During this conversation, Lockhart specifically denied any intent to hurt anyone at IPRA.

19. In speaking with Lockhart in the interview room, Plaintiff and the other IPRA employee became convinced the only danger Lockhart posed was to himself.

20. Therefore, Plaintiff contacted the City of Chicago's Employee Assistance Program and at their suggestion, drove Lockhart to the hospital in her personal car to get him some help.

21. Defendant ANDO was not present at the IPRA office and did not personally witness or hear anything that was said by Lockhart on January 10, 2013.

22. When Defendant ANDO learned of Lockhart's behavior, he contacted the Chicago Police Department and requested or demanded that Lockhart be arrested and prosecuted.

23. Lockhart was in fact arrested and later charged with the felony offense of threatening public officials.

24. Lockhart pleaded not guilty and his case proceeded to trial on July 24, 2014 before the Honorable Michael McHale, Judge of the Circuit Court of Cook County.

25. Plaintiff was subpoenaed by the prosecution to testify at Lockhart's trial.

26. Plaintiff testified at Lockhart's trial on October 16, 2014.

27. Plaintiff truthfully answered all the questions she was asked at Lockhart's trial based on her memory of the incident.

28. At the conclusion of the trial on October 31, 2014, Lockhart was acquitted.

29. Defendant ANDO was angry that Lockhart was acquitted.

30. Defendant ANDO accused Plaintiff of perjury at the Lockhart trial and sought to have Plaintiff charged with that offense.

31. The Cook County State's Attorney's Office declined to so charge Plaintiff.

32. As a result of her testimony at the Lockhart trial, Defendant ANDO fired Plaintiff from her job at IPRA on June 8, 2015.

## COUNT I
(42 U.S.C §1983, First Amendment Retaliation Claim)

33. Each of the preceding paragraphs is re-alleged as if fully restated here.

34. As described above, Plaintiff engaged in activity protected by the First Amendment when she testified at Lockhart's criminal trial.

35. Defendant ANDO retaliated against Plaintiff by terminating her employment as a result of Plaintiff's protected speech.

36. Plaintiff's First Amendment activity was a motivating factor in Defendant ANDO's decision to terminate her employment.

37. Defendant ANDO's termination of Plaintiff's employment deters her and others from exercising their First Amendment rights.

38. As a direct and proximate result of Defendant ANDO's misconduct, Plaintiff suffered damages that will be proven at trial.

WHEREFORE, Plaintiff prays for a judgment against Defendant ANDO in a fair and just amount, sufficient to compensate Plaintiff for her damages, plus a substantial sum in punitive damages, as well as court costs, attorney's fees, and other relief as is just and equitable.

### COUNT II
(Illinois Common Law Retaliatory Discharge)

39. Each of the foregoing paragraphs is incorporated as if fully re-stated here.

40. As described above, Plaintiff was terminated because of her truthful testimony at Lockhart's criminal trial.

41. Plaintiff's discharge violates public policy.

42. As a result of this retaliatory discharge, Plaintiff suffered damages.

WHEREFORE, Plaintiff prays for a judgment against Defendants ANDO and CITY in a fair and just amount, sufficient to compensate Plaintiff for her damages, and any other relief as is just and equitable.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

Respectfully submitted,

MARTRICE CAMPBELL, Plaintiff

By: /s Torreya L. Hamilton
    Attorney for Plaintiff

HAMILTON LAW OFFICE, LLC
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3173
tlh@thehamiltonlawoffice.com
Attorney No. 6229397

By: /s Thomas P. Needham
    Attorney for Plaintiff

THE LAW OFFICE OF THOMAS P. NEEDHAM
53 West Jackson Blvd., Suite 452
Chicago, Illinois 60604
312.726.3171
tpn@needhamlaw.com
Attorney No. 6188722